# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. 2:03-CR-07-013 |
| | § | |
| JOSE A. PEREZ | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On August 3, 2007, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant, Jose A. Perez. The government was represented by Alan Jackson, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Federal Public Defender Ken Hawk.

Defendant originally pleaded guilty to the offense of Possession with Intent to Distribute and Distribution of Methamphetamine, a Class C felony. The offense carried a statutory maximum imprisonment term of twenty (20) years. The United States Sentencing Guideline range, based on a total offense level of 15 and a criminal history category of I, was 18 to 24 months. On October 15, 2003, U.S. District Judge T. John Ward sentenced Defendant to 21 months imprisonment followed by a term of three years supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure and drug aftercare. The Court ordered that upon release from confinement, the defendant would be surrendered to a duly authorized immigration official for deportation proceedings, and if deported, the defendant would remain outside the United States. On October 22, 2004, Defendant completed the term of imprisonment and was deported to Mexico.

If deported, Defendant was required to remain outside the United States as a special condition of supervision. In its petition, the government alleges that Defendant violated his conditions of

supervised release by failing to remain outside the United States as witnessed by his arrest on October 1, 2006, in Gregg county, Texas, for Possession of a Controlled Substance, Fleeing from a Police Officer, and Failure to Identify Giving False or Fictitious Information.

If the Court finds by a preponderance of the evidence that Defendant committed this violation, a statutory sentence of no more than two years of imprisonment may be imposed. 18 U.S.C. § 3583(e)(3). Pursuant to Section 7B1.1(a) of the Sentencing Guidelines, violating a condition of supervision by failing to remain outside the United States after being deported, would constitute a Grade C violation, for which the Court may revoke Defendant's term of supervised release or extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade C violation is 3 to 9 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated they had come to an agreement to resolve the petition whereby Defendant would plead true to the violation. In exchange, the government agreed to recommend that Defendant serve 3 months in prison with no supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, and the agreement of the parties, the Court RECOMMENDS that Defendant, Jose A. Perez, be committed to the custody of the Bureau of Prisons for a term of imprisonment of 3 months, consecutive with 6:07-cr-15, with no supervised release to follow.

The parties have waived their right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to District Judge T. John Ward for adoption immediately upon issuance.

**So ORDERED and SIGNED this 6th day of August, 2007.**

　　　　　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　　　　　　　　　JOHN D. LOVE
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE